Slip Op. 21–56

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| CLEARON CORP. and OCCIDENTAL CHEMICAL CORP., | : : : |
| Plaintiffs, | : : |
| v. | Before: Richard K. Eaton, Judge |
| UNITED STATES, | Consol. Court No. 17-00171 |
| Defendant, | |
| and | |
| HEZE HUAYI CHEMICAL CO., LTD., | |
| Defendant-Intervenor. | |

**OPINION**

[United States Department of Commerce's second remand results are sustained.]

Dated:  May 6, 2021

*James R. Cannon, Jr.*, Cassidy Levy Kent (USA) LLP, of Washington, DC, for Plaintiffs. With him on the brief were *Jonathan M. Zielanski* and *Ulrika K. Swanson*.

*Sonia M. Orfield*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With her on the brief were *Brian M. Boynton*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of Counsel on the brief was *W. Mitchell Purdy*, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

*Gregory S. Menegaz*, deKieffer & Horgan, PLLC, of Washington, DC, for Defendant-Intervenor. With him on the brief were *J. Kevin Horgan* and *Alexandra H. Salzman*.

Eaton, Judge: Before the court is the United States Department of Commerce's ("Commerce" or the "Department") remand redetermination pursuant to the court's order in

*Clearon Corp. v. United States*, 44 CIT __, 474 F. Supp. 3d 1339 (2020) ("*Clearon II*"). *See* Final Results of Redetermination Pursuant to Court Remand (Jan. 4, 2021), P.R.R. 3 ("Second Remand Results"). Jurisdiction lies pursuant to 28 U.S.C. § 1581(c) (2018) and 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018). The Second Remand Results are sustained.

## BACKGROUND

This case involves a challenge to the results of Commerce's first administrative review of the countervailing duty order on chlorinated isocyanurates[1] from the People's Republic of China ("China"). *See Chlorinated Isocyanurates From the People's Republic of China*, 79 Fed. Reg. 67,424 (Dep't Commerce Nov. 13, 2014) (countervailing duty order). In *Clearon II*, familiarity with which is presumed, the court ruled that Commerce's finding, based on adverse facts available, that Consolidated Plaintiff and Defendant-Intervenor Heze Huayi Chemical Co., Ltd. ("Heze"), a cooperative mandatory respondent, used and benefitted from China's Export Buyer's Credit Program, lacked the support of substantial evidence. Importantly, the record contained evidence in the form of uncontroverted declarations that supported Heze's claims of non-use. The record contained nothing to support a finding that there was information, necessary to Commerce's statutory "benefit" determination, that was missing (*i.e.*, a gap in the factual record) that justified using "facts otherwise available," under 19 U.S.C. § 1677e(a).[2] Commerce claimed that it would

---

[1] Chlorinated isocyanurates are "derivatives of cyanuric acid, described as chlorinated s-triazine triones" that are used for water treatment, among other uses. *See Clearon Corp. v. United States*, 43 CIT __, __, 359 F. Supp. 3d 1344, 1346 n.2 (2019) (citation omitted).

[2] The statute provides that, when necessary information is missing from the record, Commerce must use "facts otherwise available." 19 U.S.C. § 1677e(a). The statute also permits Commerce to use an adverse inference when selecting from among the facts available, if "an interested party," including a foreign government, fails to cooperate with Commerce's requests for

be unduly burdensome to verify non-use without information regarding the operation of the Export Buyer's Credit Program that China refused to provide—a claim that Heze disputed. The court directed the parties to "confer and agree upon a verification procedure to apply in this case," and further that Commerce was either to "verify Heze's claims of non-use and, based on the results of verification, determine whether Heze received a benefit under the program; or in the alternative, . . . find, based on the existing record evidence, that neither Heze nor its customers used or received a benefit under the program." *Clearon II*, 44 CIT at __, 474 F. Supp. 3d at 1354.

On remand, Commerce did not confer with the parties on a verification procedure, nor did it verify Heze's claims of non-use. Rather, apparently choosing the alternative set out in *Clearon II*, Commerce found "that based on the existing record evidence, neither [Heze] nor its customers used or received a benefit under the program." Second Remand Results at 2 (stating this decision was made "under respectful protest"). Accordingly, Commerce removed "the [0.87 percent adverse facts available] subsidy rate for the Export Buyer's Credit Program from [Heze]'s final [countervailing duty] subsidy rate, which results in a 1.04 percent rate for [Heze]." Second Remand Results at 9. The parties timely filed comments on the Second Remand Results. *See* Clearon's Cmts., ECF No. 64; Heze's Cmts., ECF No. 66; Def.'s Resp. Cmts., ECF No. 65.

**STANDARD OF REVIEW**

The court will sustain a determination by Commerce unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

---

information to "the best of its ability." *Id.* § 1677e(b)(1); *see also Fine Furniture (Shanghai) Ltd. v. United States*, 748 F.3d 1365, 1371 (Fed. Cir. 2014).

# DISCUSSION

Plaintiffs Clearon Corp. and Occidental Chemical Corp. (collectively, "Clearon") argue that Commerce failed to comply with the court's remand instructions by failing to confer with the parties on a verification procedure. *See* Clearon's Cmts. 1-2. Additionally, Clearon asks the court "to revisit the rationale expressed in [*Clearon II*]," and to remand with instructions "to reinstate [Commerce's first remand redetermination]." Clearon's Cmts. 2, 3.

Defendant the United States, on behalf of Commerce ("Defendant"), and Heze maintain that the Department complied with *Clearon II*'s instructions and that Clearon waived its arguments to the contrary because it failed to raise them before the agency when given the opportunity to comment on the draft results. *See* Heze's Cmts. 2; Def.'s Resp. Cmts. 6. They ask the court to sustain the Second Remand Results. *See* Heze's Cmts. 3-4; Def.'s Resp. Cmts. 8.

The court finds that Commerce has sufficiently complied with the court's instructions in *Clearon II*. Though the Department did not "confer and agree upon a verification procedure," as stated in the court's instructions, Commerce ultimately chose the alternative decisional path provided by the court that did not require verification, *i.e.*, to rely on the uncontroverted record evidence supporting Heze's claims of non-use of the Export Buyer's Credit Program. Based on this evidence, Commerce determined on remand that substantial evidence did not support a finding that the Export Buyer's Credit Program—a government loan program—conferred a *benefit* on Heze. *See* 19 U.S.C. § 1677(5)(B) (defining subsidy as a "financial contribution," provided by an "authority" to a person, by which a "benefit is . . . conferred"). Accordingly, Commerce removed the subsidy rate determined for that program (0.87 percent) from the calculation of Heze's final countervailing duty rate, which reduced Heze's rate from 1.91 percent to 1.04 percent. *See* Second Remand Results at 9.

As Heze and Commerce note, Clearon failed to submit comments on the draft remand results when it had the opportunity to do so, thus raising the question of whether its arguments are properly before the court. The court "shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d). Here, none of the arguments in Clearon's comments, asking the court to reconsider its rationale in *Clearon II* and to reinstate the Department's first remand redetermination, are new to the court, nor have they become more persuasive with the passage of time. *See, e.g.*, Clearon Cmts. 3 (emphasis added) ("If this Court allows respondents to avoid countervailing duties because neither they nor their distributors received subsidies *directly* from a foreign government, there will be an incentive for foreign governments to pay subsidies to *downstream users* in order to assist their domestic exporters."); Clearon's Resp. Cmts. Remand Results, ECF No. 52, 5-6 (arguing that U.S. "importers" or "customers" are not limited to Heze's direct customers under the Export Buyer's Credit Program). The court declines Clearon's invitation to reconsider its rationale in *Clearon II* and reinstate Commerce's first remand results.

## CONCLUSION

For the foregoing reasons, the Second Remand Results are sustained. Judgment will be entered accordingly.

/s/ Richard K. Eaton
Richard K. Eaton, Judge

Dated: May 6, 2021
New York, New York